Herbert, J.,
dissenting. In dissenting from the judgment of the court in this case, I find myself in the rather anomalous position of concurring with paragraphs one and two of the syllabus and agreeing in large part with the majority opinion. As to paragraph three of the syllabus, I am of the view that the specific provisions of Section 4123.68 (W) supersede the provisions of Section 4123.10, Revised Code, respecting the appointment of a medical advisor only to the extent that the appointment of such medical advisor is not necessary in a silicosis case.
The statement of law in paragraph one of the syllabus is not in issue in this case, as I view it, because silicosis referees were appointed and the record shows that they concluded their examination of the claim and made their recommendation in May 1956, stating that, in their opinion, “this claimant does not have silicosis and that his disability is not of occupational origin.”
I fail to see the pertinence to this particular case of paragraph two of the syllabus, because, as stated in the majority opinion, the record fails to disclose evidence that the commission made a demand for an actual examination of the claimant, as provided in Section 4123.68 (W).
As to the third paragraph of the syllabus, I am in accord with the reasoning supporting it as set forth in the majority opinion. I cannot, however, concur in the judgment.
As stated, the silicosis referees concluded their study of the claim and made their recommendation in May 1956. On November 23,1956, the deputy claims administrator at Toledo, acting for the administrator, disallowed the claim. From that decision the claimant filed his appeal to the Toledo Regional Board of Review on December 14, 1956. On March 19,1957, acting under the provisions of Section 4123.516 et seq., Revised Code, the regional board revoked the order of the deputy claims administrator and allowed the claim on appeal solely (from the record) on the basis of a letter dated February 20, 1957, from the claimant’s physician in Toledo.
Following that decision the employer (relator) made application for reconsideration, which was denied, and then promptly filed its appeal from the regional board with the In *416 dustrial Commission, which appeal was refused on June 24, 1957. The petition for writ of mandamus was filed in the Court of Appeals on August 26, 1957. This is the factual sequence of steps taken in this cause.
It would seem obvious from an examination of Sections 4123.10 and 4123.68 that full medical examination by medical authority responsible to the commission was intended by the Legislature before any action by the administrator, regional board or the commission itself. Section 4123.10 (although superseded to the extent necessary in a silicosis case by the applicable specific provisions of Section 4123.68 [W]) provides that a medical examiner must examine “such claimant for the purpose of determining the existence of such disease.”
It provides further that when an employee is claimed to have died from an occupational disease no award shall be paid to the dependents of such deceased person, “until a medical advisor appointed by the commission has had opportunity to examine the body of such deceased person for the purpose of determining the cause of death.” These are specific provisions of that section.
The general language of the section indicates the general legislative intent of the Workmen’s Compensation Act in the following language:
“The Industrial Commission shall not be bound by the usual common-law or statutory rules of evidence or by any technical or formal rules of procedure, other than as provided in Sections 4123.01 to 4123.94, inclusive, of the Revised Code, but may make an investigation in such manner as in its judgment is best calculated to ascertain the substantial rights of the parties and to carry out justly the spirit of such sections.” (Emphasis added.)
It is true that Section 4123.68 (W) provides that a claim is referred to the silicosis referees for examination and “recommendation” rather than determination, but nevertheless it seems quite apparent to the writer that the Legislature intended that before the regional board and the Industrial Commission itself have their opportunity of final review there must be a full and complete medical review.
While the general language of Section 4123.10 quoted above *417 does give the commission a certain freedom from the usual common-law or statutory rules of evidence and does not bind it to any technical or formal rules of procedure other than as provided in the Workmen’s Compensation Act, it does require the commission to conduct its investigation in such a manner as is best calculated to ascertain the substantial rights of the parties and carry out justly the spirit of the act.
The concurring opinion relies upon the provisions of Sections 4123.516 to 4123.518, as legislative authority for the action of the regional board here. In Section 4123.518, it is provided:
“Before making or denying an award in the appeal of a disputed claim, a regional board of review or the Industrial Commission, as the case may be, shall afford to the claimant, the employer and the administrator an opportunity to be heard upon reasonable notice and to present the testimony of witnesses and other evidence.” • (Emphasis added.)
Here, the regional board not only did not follow the emphasized language above, but made its reversal decision on the basis only of a letter (not even in affidavit form) which was never before either the silicosis réferees or the deputy administrator. It is at this point that I leave the majority view in this case, as the procedures followed here did not, in my judgment, “ascertain the substantial rights of the parties” or “carry out justly the spirit” of the Workmen's Compensation Act.
It may very well be that the claimant’s condition in this case was as set forth in his physician’s letter dated February 20, 1957, but certainly the relator never had an opportunity to present its position before the regional board or the Industrial Commission itself. If the majority position is carried to its logical conclusion, the regional board can take entirely new medical evidence without regard to the examination and report of the silicosis referees. I cannot construe such a legislative intent.
■ In my opinion, the present law would justify a holding by this court that, where new medical evidence, so-called, is presented to the regional board of review, such claim and such evidence must be referred back to the silicosis referees for further consideration and recommendation accordingly before it is *418 considered by the regional board. To hold otherwise is equivalent to holding that all medical examinations and recommendations that have preceded the regional board hearing may be disregarded and treated as superfluous. Fortunately, this diversity of view pinpoints the issue for future legislative consideration.
I would reverse the judgment of the Court of Appeals and remand the proceeding to the Industrial Commission for further examination of all medical evidence by the silicosis referees and their recommendation based thereon before final review by the administrator, regional board of review and the commission.
Taft, J., concurs in the foregoing dissenting opinion.